UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

BYRON CHAPMAN, an individual;
and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION
SERVICES: HELPING YOU HELP
OTHERS, a California public
benefit corporation,

        Plaintiffs,

   v.

DAVIS ORTHOPEDIC BUILDING
PARTNERS; and JAMES
CUNNINGHAM, as trustee of the
CUNNINGHAM TRUST,

        Defendants.

NO. CIV. S-04-1668 WBS GGH

ORDER RE: MOTION TO DISMISS
FOR LACK OF SUBJECT-MATTER
JURISDICTION

----oo0oo----

        Defendant James Cunningham, as Successor Trustee of the Cunningham Family Trust, individually moves to dismiss the First Amendment Complaint as against him for lack of subject matter jurisdiction.

I.   <u>Factual and Procedural Background</u>

        Plaintiffs Byron Chapman and Disability Rights Enforcement seek injunctive relief against defendants Davis

1

Orthopedic Building Partners (DOBP) and the Cunningham Family Trust for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12300.  Plaintiffs also seek monetary damages under state law.  (First Am. Compl., Causes of Action 2-5.)  The court has federal question jurisdiction over the alleged ADA violations and supplemental jurisdiction over the state causes of action.

At the time plaintiffs brought suit, each defendant owned a parcel of real estate within the Covell Professional Center Complex.  (Pls.' Mem. P. & A. in Opp'n to Def.'s Mot. Dismiss 2.)  Plaintiffs allege that they were unable to access the medical group known as Davis Orthopedic and Sports Medicine. (Def.'s Opp'n to Mot. Dismiss 2.)  Defendant Cunningham owned a portion of property that was located in a different building than the one that plaintiff Byron Chapman attempted to access.  (James Cunningham Decl. ¶ 4.)  However, plaintiffs included Cunningham in the complaint because they did "not know the true names of defendants . . ., nor their relative responsibilities in causing the access violations [] complained of . . . ."  (Compl. ¶ 10.) They consequently "allege a joint venture and common enterprise" between defendant DOBP and defendant Cunningham.  Id.

Defendant Cunningham has since sold his interest and is no longer the owner of property that is the subject of the lawsuit.  (Id.)  Accordingly, plaintiffs concede that their request for injunctive relief under the ADA with respect to

2

defendant Cunningham is moot.[1]  (Id.)  However, plaintiffs request that the court exercise supplemental jurisdiction over their state law claims for monetary damages against defendant Cunningham, and co-defendant DOBP has also filed an opposition to this motion.

## II.  Discussion

Under 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over claims otherwise allowed if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

At this stage of the proceedings, the court cannot determine that any of the above conditions allowing for a declination to exercise supplemental jurisdiction existence here.  Therefore, on the record presently before the court there is no basis to grant defendant Cunningham's motion to dismiss those claims for lack of subject matter jurisdiction.

---

[1] Co-defendant Davis Orthopedic Building Partners does not appear to concede that the request for injunctive relief is moot as to defendant Cunningham. (Defs.' Opp'n to Def. Cunningham's Mot. to Dismiss 3.)  However, as defendant Cunningham notes, when violations under Title III of the ADA are alleged against a defendant who then transfers the property that is the subject of the litigation, the claim is moot because no injunctive relief can be granted as to that defendant. (Def.'s Mem. P & A Mot. to Dismiss 3 (citing Wander v. Kaus, 204 F.3d 856, 858 (9th Cir. 2002); Pickern v. Best W. Timber Cove Lodge Marina Resort, 194 F. Supp. 2d 1128, 1130 (E.D. Cal. 2002)).)

### III. Conclusion

Because defendant Cunningham no longer owns the property that is the subject of this case, the issue of injunctive relief under the ADA as to defendant Cunningham is moot. However, defendant Cunningham has not demonstrated sufficient grounds to dismiss the state law claims against him over which the court retains supplemental jurisdiction.

IT IS THEREFORE ORDERED that defendant Cunningham's motion to dismiss the federal claims against him be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Cunningham's motion to dismiss the state law claims against him be, and the same hereby is, DENIED.

DATED: December 14, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE